1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALANA DUNN,                              Case No. 1:25-cv-00561-SKO

12              Plaintiff,                      FIRST SCREENING ORDER

13        v.                                    (Doc. 1)

14    NOBLE CREDIT UNION, et al.,               **THIRTY-DAY DEADLINE**

15              Defendants.

16

17        Plaintiff Alana Dunn, proceeding pro se and *in forma pauperis*, filed a complaint on May

18    12, 2025.  (Doc. 1.)  Upon reviewing the complaint, the Court concludes that the complaint fails

19    to state any cognizable claims.

20        Plaintiff has the following options as to how to proceed.  She may file an amended

21    complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement

22    with the Court stating that she wants to stand on this complaint and have it reviewed by the

23    presiding district judge, in which case the Court will issue findings and recommendations to the

24    district judge consistent with this order.  If Plaintiff does not file anything, the Court will

25    recommend that the case be dismissed.

26                      I.      SCREENING REQUIREMENT

27        In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to

28

1

1  screen each case and shall dismiss the case at any time if the Court determines that the allegation

2  of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim

3  upon which relief may be granted, or seeks monetary relief against a defendant who is immune

4  from such relief.  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th

5  Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v.*

6  *Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a

7  claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be

8  granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

9  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

10       In determining whether a complaint fails to state a claim, the Court uses the same pleading

11  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and

12  plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.

13  8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

14  a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*,

15  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A

16  complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of

17  a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri*

18  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum

19  factual and legal basis for each claim that is sufficient to give each defendant fair notice of what

20  the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of*

21  *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22       In reviewing the pro se complaint, the Court is to liberally construe the pleadings and

23  accept as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89,

24  94 (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556

25  U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's

26  liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*.

27  (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared the complaint on a form titled "Complaint for a Civil Case."  (Doc. 1.)
The complaint lists three defendants: (1) "Noble Credit Union"; (2) "Fresno Base Credit Union";
and (3) "Fresno Base Noble Credit Union."  (*Id*. at 1.)

Under "Basis for Jurisdiction," Plaintiff checked the box for "Federal Question."  (Doc. 1
at 4.)  The section in which she is asked to indicate which of her federal constitutional or federal
statutory rights have been violated is blank.  (*Id*.)  The Civil Cover Sheet lists the "Cause of
Action" as "Emergency Covid-19 Relief Paycheck Protection Home Equity Loan Program (PPP),
Fix Rate HELOCS."  (Doc. 1-1.)

The handwritten "Statement of Claim" section of the complaint reads as follows:

> Noble Credit Union: The defendant liable for member fraud both on
> compensatory, perpetrated by A member of the defendant implementing
> transaction software and will assign Credit Union on an impossible task—the
> manual review of thousands of transactions every day—Eligible homeowner
> received grants to help cover past-sue-mortgages loan or mortgages payments
> missed property taxes, partial claims/loan deferrals, reverse mortgage, pace loan

(Doc. 1 at 5.)  Regarding the relief sought, Plaintiff writes:

> Homeowner Facing Financial Hardships as a result of the Covid-19 pandemic,
> funded by the Federal Government the program helped vulnerable homeowners
> get a Fresh Start (PPP) (ARPA) Relief.

(*Id*. at 6.)  Plaintiff attaches to her complaint 15 pages comprised of a nine-page handwritten
document titled "File Complaint," a "Uniform Borrower Assistance Form," and a letter dated
September 24, 2024, from Mr. Cooper aka Nationstar Mortgage LLC.  (*See id*. at 7–21.)

## III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any
cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to her
claims and will be granted an opportunity to file an amended complaint to correct the identified
deficiencies.

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of her claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Here, there are no discernable factual allegations in the complaint that identify the basis of the claim(s). It appears that Plaintiff's claim bears some relationship to an alleged "forgiveness loan" during the Covid-19 pandemic as part of the "Paycheck Protection Program," (*see* Doc. 1 at 6, 8–9), but not much else is clear. Plaintiff's statement of her claim is difficult to understand, and does not allege any specific facts giving rise to liability by the named defendants. In short, it is unclear to the Court how the alleged conduct by the defendants establishes the claims that Plaintiff purports to bring against them. "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In light of these deficiencies, the Court will grant Plaintiff leave to amend her complaint and set forth her claims more clearly. If Plaintiff elects to amend her complaint, she must state the legal basis for the claim and identify how the facts alleged support and show that the defendants committed the violation asserted as the legal basis for the claims. *See* Fed. R. Civ. P. 8(a). Simply listing the parties and providing unclear recitations of legal terms is not sufficient.

**B.    Legal Standards**

In the event Plaintiff amends her complaint, the Court provides the following legal

standards that may be relevant to her action:

1.    Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," [1] and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

The complaint states that federal question exists in this action, but the basis for federal jurisdiction is not stated. If Plaintiff elects to amend her complaint, she must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

---

[1] Plaintiff indicates in her complaint that the amount in controversy is "$46,000, plus interest." (Doc. 1 at 5.)

2.    <u>Fraud</u>

Although the complaint contains the word "fraud" (*see* Doc. 1 at 5, 10), there are no facts alleged against any of the named defendants supporting this claim.  Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages.  *Robinson Helicopter Co., Inc. v. Dana Corp.* ., 34 Cal.4th 979, 990 (2004).  Federal Rule of Civil Procedure 9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Although the substantive elements of fraud are established by state law, a plaintiff must plead the elements in accordance with the requirements of Fed. R. Civ. P. 9(b).  *See Vess v. Ciba–Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Vess*, 317 F.3d at 1106.  In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud.  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009).

3.    <u>Disability Discrimination</u>

Plaintiff mentions "discrimination disability" in her complaint (Doc. 1 at 7) and indicates in the Civil Cover Sheet that the nature of her suit is "Amer[icans with] Disability – Other" (Doc. 1 at 7; Doc. 1-1), yet it is not at all clear how such a claim is applicable to this action.  Title II of the Americans with Disabilities Act ("ADA") applies only to a "public entity's services, programs, or activities."  *See* 42 U.S.C. § 12132; *O'Guinn v. Lovelock Corr. Ctr*., 502 F.3d 1056, 1060 (9th Cir. 2007).  Plaintiff has not alleged that any defendant was a public entity.  As such, no claim is stated under Title II of the ADA.  Even interpreting the complaint broadly to seek to state a claim under Title III of the ADA, applicable to discrimination on the basis of disability in

public accommodations, *see* 42 U.S.C. § 12182(a), the complaint fails to plausibly allege that Plaintiff was discriminated against due to her disability by a public accommodation.

    4.   <u>Civil Rights</u>

To the extent Plaintiff seeks to bring a "civil rights" claim under Section 1983 (*see* Doc. 1 at 12), a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  With regard to the first element, private parties are not generally acting under color of state law for the purposes of Section 1983.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.  It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982)).  There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983.  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (*en banc*).  Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937.

Here, all of the defendants are private parties, and Plaintiff fails to allege facts to support a finding that any defendant has acted such that their conduct is fairly attributable to the government.  Accordingly, the complaint currently fails to state a cognizable Section 1983 claim.

**C.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can set forth a basis for subject matter jurisdiction and specify her claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify

what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.     ORDER

Based on the foregoing, IT IS ORDERED that:

1.     Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.     File a First Amended Complaint;

    b.     Notify the Court in writing that she wants to stand on the current complaint; or

    c.     File a notice of voluntary dismissal.

2.     If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-00561-SKO.

3.     **<u>Failure to comply with this order may result in the dismissal of this action.</u>**

IT IS SO ORDERED.

Dated:   **May 23, 2025**                         /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

9