UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOBLE CREDIT UNION, et al.,<br><br>　　　　　Defendants. | Case No.  1:25-cv-00561-SKO<br><br><u>SECOND SCREENING ORDER</u><br><br>(Doc. 5)<br><br>THIRTY DAY DEADLINE |

　　　　Plaintiff Alana Dunn, proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on May 12, 2025. (Doc. 1). On May 23, 2025, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order.  (Doc. 4.)

　　　　On June 9, 2025, Plaintiff filed an amended complaint, which is before the Court for screening. (Doc. 5.) After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has still not stated a cognizable claim that gives rise to a basis for federal jurisdiction. Since this deficiency may be cured by amendment, the Court shall give Plaintiff the opportunity to amend her complaint **<u>one final time</u>** to state a claim that would establish the Court's jurisdiction.

**I.　　SCREENING REQUIREMENT**

　　　　In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

1

1  relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
2  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district
3  court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193
4  (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines
5  that a complaint fails to state a claim, leave to amend may be granted to the extent that the
6  deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130
7  (9th Cir. 2000) (*en banc*).

8        The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the
9  following standards.  A complaint may be dismissed as a matter of law for failure to state a claim
10 for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable
11 legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff
12 must allege a minimum factual and legal basis for each claim that is sufficient to give each
13 defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See,*
14 *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932
15 F.2d 795, 798 (9th Cir. 1991).

16           **II.    DISCUSSION**

17     **A.**    **Plaintiff's Allegations**

18       The 37-page, difficult-to-discern, handwritten amended complaint appears to allege that
19 Defendant "Noble Credit Union Basic" withdrew money without Plaintiff's consent and "cover[ed]
20 up the withdraw." (Doc. 5 at 2–3.)  Plaintiff purports to bring her action under various sections of
21 title 18 of the United States Code, including sections 1341, 1343, 1030, and 1028. (*Id*. at 3–37.)

22     **B.**    **Plaintiff's Complaint Does Not Comply with Rule 8**

23       Federal Rule of Civil Procedure 8(a)'s "simplified pleading standard applies to all civil
24 actions, with limited exceptions."  *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513 (2002).  A
25 complaint must contain "a short and plain statement of the claim showing that the pleader is entitled
26 to relief."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of
27 what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512
28

(internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se litigants liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Here, Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff sets forth no facts in her complaint to support her allegations, exclusively relying on conclusory statements, and it is unclear what Plaintiff is alleging and against whom. Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8(a).

### C.     Plaintiff Has Not Pleaded Any Cognizable Basis for Federal Court Jurisdiction

#### 1.     Legal Standard

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

1  (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction
2  and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

3  Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over
4  "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case
5  'arises under' federal law either where federal law creates the cause of action or 'where the
6  vindication of a right under state law necessarily turn[s] on some construction of federal law.'"
7  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting
8  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence
9  or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."
10 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists
11 only when a federal question is presented on the face of the plaintiff's properly
12 pleaded complaint." *Id.*

13 Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil
14 actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest
15 and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and
16 citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or
17 subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens
18 of a State or of different States."

19 This Court has an independent duty to consider its own subject matter jurisdiction, whether
20 or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction.
21 Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280
22 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").
23 The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear their
24 claim(s). *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the
25 federal court's jurisdiction has the burden of proving the actual existence of subject matter
26 jurisdiction.").

27     **2.**     **Analysis**

28 Plaintiff's amended complaint references 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud),

and 1028 (identity fraud).  (Doc. 5 at 3–7.)  Title 18 of the United States Code covers crimes and criminal procedures, and these sections are not properly brought forth in a civil complaint because there is no private right of action.  *See Kenney v. Bank of Am., N.A.*, No. 2:25-CV-02726-MWC-PVC, 2025 WL 1489549, at *3 (C.D. Cal. May 23, 2025) (Title 18 U.S.C. § 1028 "is a criminal statute that does not support a private right of action."); *Hacker v. Hacker*, No. 1:15-cv-01258 JAM MJS, 2015 WL 8780561, at *3 (E.D. Cal. Dec. 15, 2015) ("[C]ourts have consistently found that mail and wire fraud statutes do not confer a private right of action."); *Aguirre v. Cal–W. Reconveyance Corp.,* No. CV 11–6911 CAS (AGRx), 2012 WL 273753, at *10 (C.D. Cal. Jan. 30, 2012) (holding section 1341 is a criminal statute that does not provide a private right of action); *Schneider v. Bank of Am. N.A.*, No. 2:11–cv–2953 LKK DAD PS, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (holding that wire fraud, and mail fraud are criminal statutes with no private right of action); *see also Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18).

Plaintiff also recites the text of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA"), in her amended complaint.  (*See* Doc. 5 at 7–36.)  The CFAA "prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009).  The CFAA creates a private cause of action in section 1030(g).  Section 1030(g) states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).  Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.  No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.  No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. 1030(g).  Thus, a private plaintiff must prove that the defendant violated one of the

1   provisions of section 1030(a)(1)–(7), and that the violation involved one of the factors listed in
2   section1030(c)(4)(A)(i)(I)–(V).  *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL
3   204358, at *6 (N.D. Cal. Jan 24, 2022) (citing *LVRC Holdings*, 581 F.3d at 1132).  Here, Plaintiff's
4   complaint does not state a claim for violation of the CFAA.  Indeed, Plaintiff's complaint fails to
5   identify which provision of the CFAA allegedly was violated, how it was violated, and by whom.
6       In sum, Plaintiff has not articulated any cognizable federal claim over which this Court may
7   assert federal question jurisdiction under 28 U.S.C. § 1331.  Although not alleged as a basis for
8   jurisdiction in the amended complaint, the undersigned further determines whether there is
9   complete diversity between the parties to invoke jurisdiction to hear any state law claims.[1]  Plaintiff
10  pleads in her initial complaint that both she and the defendants are citizens of California.  (*See* Doc.
11  1 at 2–3.)  Since Plaintiff alleges that both she and the defendants are citizens of California, the
12  parties are not diverse, and diversity jurisdiction under 28 U.S.C. § 1332 does not exist in this
13  action.  *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-01065-AWI, 2013 WL
14  4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no
15  plaintiff can be a citizen of the same state as any of the defendants)).
16      Because Plaintiff has not established the Court's subject matter jurisdiction on diversity or
17  federal question grounds, this Court does not have subject matter jurisdiction over this action as
18  currently pled.
19      **D.     Leave to Amend**
20      When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be
21  granted unless the district court determines that the pleading could not possibly be cured by the
22  allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal
23  quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996).  However,
24  once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in
25  determining whether to allow additional opportunities to amend is particularly broad.  *Sateriale v.*
26  *R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire*

---

[1] The title page of Plaintiff's amended complaint refers to the "Unruh Civil Rights Act," a California anti-discrimination law.  (*See* Doc. 5 at 1.)

*Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Here, the Court will provide Plaintiff with **<u>one final opportunity</u>** to file an amended complaint so she can set forth a basis for subject matter jurisdiction and specify her claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### III.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint;
   b. Notify the Court in writing that she wants to stand on the current complaint; or
   c. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:25-cv-00561-SKO.

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 24, 2025**                                  /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE