1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7        FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9   ALANA DUNN,                          Case No.  1:25-cv-00561-SKO

10              Plaintiff,               FINDINGS AND RECOMMENDATION
                                         THAT THE CASE BE DISMISSED FOR
11       v.                              FAILURE TO STATE A CLAIM

12   NOBLE CREDIT UNION, et al.,         (Doc. 7)

13              Defendants.              TWENTY-ONE DAY DEADLINE

14                                       Clerk to Assign District Judge

15

16

17          Plaintiff Alana Dunn, proceeding pro se and *in forma pauperis* in this action, filed a civil

18   complaint on May 12, 2025.  (Doc. 1.)  On May 23, 2025, the undersigned screened the complaint,

19   found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an

20   amended complaint curing the pleading deficiencies identified in the order.  (Doc. 4.)  Plaintiff filed

21   a first amended complaint on June 9, 2025.  (Doc. 5.)  On June 25, 2025, the undersigned screened

22   the first amended complaint, found that it failed to state any cognizable claim that gives rise to

23   federal jurisdiction, and granted Plaintiff thirty days leave to "amend her complaint **one final time**

24   to state a claim that would establish the Court's jurisdiction."  (Doc. 6.)

25          On June 30, 2025, Plaintiff filed a second amended complaint, which is before the Court

26   for screening.  (Doc. 7.)  After screening Plaintiff's second amended complaint, the Court finds that

27   despite the explicit recitation of the deficiencies of both the original and the first amended

28   complaint, Plaintiff has still not stated a cognizable claim that gives rise to a basis for federal

1

jurisdiction.  Accordingly, the Court RECOMMENDS that Plaintiff's second amended complaint be DISMISSED without leave to amend.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

### A.   Plaintiff's Allegations

Although difficult to discern, the handwritten second amended complaint appears to allege that a bank employee "embezzled" money from Plaintiff's account and engaged in "bank fraud" by "falsifying records or using stolen customer information through their employment."  (Doc. 7 at 1, 2.)  Plaintiff purports to bring her action for "fraudulent activity," "theft deception," "falsifying

records," and "embezzlement" under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and California Penal Code § 502(c).  (*Id*. at 7–9.)

**B.     Plaintiff's Complaint Does Not Comply with Rule 8**

Federal Rule of Civil Procedure 8(a)'s "simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se litigants liberally and affords them the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short.  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Here, as with her prior complaints, Plaintiff's second amended complaint is not a short and plain statement of her claims.  Plaintiff sets forth no facts in her complaint to support her allegations,

3

exclusively relying on conclusory statements; it is also unclear what Plaintiff is alleging and against which defendant.  Accordingly, the Court finds that Plaintiff's second amended complaint fails to comply with Rule 8(a).

### C.    Plaintiff Has Not Pleaded Any Cognizable Basis for Federal Court Jurisdiction

#### 1.    Legal Standard

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

This Court has an independent duty to consider its own subject matter jurisdiction, whether

4

or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear their claim(s). *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

### 2.    Analysis

Plaintiff purports to bring a claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. (*See* Doc. 7 at 8–9.) The CFAA "prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). The CFAA creates a private cause of action in section 1030(g). Section 1030(g) states:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. 1030(g). Thus, a private plaintiff must establish that the defendant violated one of the provisions of section 1030(a)(1)–(7), and that the violation involved one of the factors listed in section1030(c)(4)(A)(i)(I)–(V). *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *6 (N.D. Cal. Jan 24, 2022) (citing *LVRC Holdings*, 581 F.3d at 1132). Here, like her prior complaint, Plaintiff's second amended complaint does not state a claim for violation of the CFAA. It fails to identify which provision of the CFAA allegedly was violated, by whom, and

how. Naked, conclusory allegations that an unspecified defendant "had access to falsifying records or stolen customer information through their employment" and "stole" amounts from Plaintiff (*see* Doc. 7 at 2, 5, 6) are not sufficient.

Plaintiff's second amended complaint also mentions the Electronic Communications Privacy Act ("ECPA"). (Doc. 7 at 9 ("Depending on the specific context and actions involved, other federal . . . laws might apply, such as the Electronic Communications Privacy Act (ECPA) . . . .").) The ECPA includes a private right of action, 18 U.S.C. § 2520, and prohibits the intentional interception of any wire, oral, or electronic communication as well as the disclosure of the contents of any intercepted communication. 18 U.S.C. § 2511; *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020). An "intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Although Section 2511 does not explicitly require that the acquisition of a communication occur contemporaneously with the transmission of the communication, courts interpreting the language of Section 2510 have held the definition of intercept as "acquisition contemporaneous with transmission." *Konop v. Hawaiian Airlines, Inc*., 302 F.3d 868, 878 (9th Cir. 2002); *see also Luis v. Zang*, 833 F.3d 619, 627 (6th Cir. 2016). Here, Plaintiff's mere mention of the ECPA in her second amended complaint does not state a claim. She does not identify what subsection she claims any of the defendants violated, what "communication" was intercepted or disclosed, or claim any of the defendants acquired her electronic communications information contemporaneously with its transmission.

In sum, Plaintiff has not articulated any cognizable federal claim over which this Court may assert federal question jurisdiction under 28 U.S.C. § 1331. Although not alleged as a basis for jurisdiction in the second amended complaint, the undersigned further determines whether there is complete diversity between the parties to invoke jurisdiction to hear any state law claims, such as civil conversion (theft), fraud, and violation of California Penal Code § 502 (*see* Doc. 7 at 1, 2, 5–6, 7, 9). Plaintiff does not indicate in her second amended complaint the citizenship of the parties but pleads in her initial complaint that both she and the defendants are citizens of California. (*See* Doc. 1 at 2–3.) Since Plaintiff alleges that both she and the defendants are citizens of California,

the parties are not diverse, and diversity jurisdiction under 28 U.S.C. § 1332 does not exist in this action. *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)).

Because Plaintiff has not established the Court's subject matter jurisdiction on diversity or federal question grounds, this Court does not have subject matter jurisdiction over this action.

### D.    Leave to Amend

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co*., 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the first amended complaint, the undersigned advised Plaintiff would have "**one final opportunity** to file an amended complaint so she can set forth a basis for subject matter jurisdiction and specify her claims with additional factual allegations." (*See* Doc. 6 at 7.) The undersigned finds that a third amendment of the complaint would be futile because Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to plead a federal statute or constitutional doctrine that gives rise to her claims and, based on her initial complaint, Plaintiff and all defendants do not have diverse citizenship. Accordingly, undersigned recommends that the second amended complaint be dismissed without leave to amend.

### III.    ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend. The Clerk of Court is DIRECTED to assign a

1    District Judge to this action.

2         These Findings and Recommendation will be submitted to the United States District Judge

3    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-**

4    **one (21) days after being served with these Findings and Recommendation**, Plaintiff may file

5    written objections with the Court.  The document should be captioned "Objections to Magistrate

6    Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within

7    the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d

8    834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10   IT IS SO ORDERED.

11   Dated:   **July 2, 2025**                    */s/ Sheila K. Oberto*

12                                        UNITED STATES MAGISTRATE JUDGE

8