UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.: 1:25-cv-00561 JLT SKO |
| Plaintiff, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATION, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| NOBLE CREDIT UNION, et al., | |
| Defendants. | (Doc. 9) |

Alana Dunn, proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on May 12, 2025. (Doc. 1.) On May 23, 2025, the assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) Plaintiff filed a first amended complaint on June 9, 2025. (Doc. 5.) On June 25, 2025, the magistrate judge screened the first amended complaint, found that it failed to state any cognizable claim that gives rise to federal jurisdiction, and granted Plaintiff thirty days leave to "amend her complaint **one final time** to state a claim that would establish the Court's jurisdiction." (Doc. 6 (emphasis in original).) Plaintiff filed her second amended complaint on June 30, 2025. (Doc. 7.)

Upon screening the second amended complaint, the magistrate judge observed that despite the explicit recitation of the deficiencies of both the original and the first amended complaint, Plaintiff still had not stated a cognizable claim that gives rise to a basis for federal jurisdiction. (Doc. 9 at 1.)

1

1 Specifically, the magistrate judge found that although Plaintiff purported to bring a claim under the Computer Fraud and Abuse Act and the Electronic Communications Privacy Act, her second amended complaint did not state a claim for a violation of those federal laws, and that "[s]ince Plaintiff alleges that both she and the defendants are citizens of California, the parties are not diverse, and diversity jurisdiction under 28 U.S.C. § 1332 does not exist in this action." (*Id*. at 5–7.) Moreover, the magistrate judge found Plaintiff's second amended complaint did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiff "sets forth no facts in her complaint to support her allegations, exclusively relying on conclusory statements; it is also unclear what Plaintiff is alleging and against which defendant." (*Id.* at 3–4.) Because Plaintiff "has repeatedly demonstrated that she is unable to marshal facts sufficient to plead a federal statute or constitutional doctrine that gives rise to her claims and, based on her initial complaint, Plaintiff and all defendants do not have diverse citizenship," the magistrate judge found leave to amend would be futile. (*Id.* at 7.) Therefore, the magistrate judge recommended the Court dismiss the action without prejudice and without leave to amend. (*Id*.)

The Court served the Findings and Recommendation on Plaintiff and notified her that any objections were due within 21 days. (Doc. 9 at 8.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*., quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On July 14, 2025, Plaintiff filed objections directed to the Findings and Recommendation. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendation are supported by the record and proper analysis. Plaintiff's objections do not meaningfully address the deficiencies identified in the Findings and Recommendations. Though Plaintiff describes some facts related to the actions of an unnamed bank teller (*see* Doc. 10 at 15–16), even construing those facts liberally, they do not make out a private claim under either of the referenced statutes. Thus, the Court **ORDERS**:

    1.    The Findings and Recommendation filed July 3, 2025 (Doc. 9) are **ADOPTED** in full.

    2.    Plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction.

3. Leave to amend is **DENIED** as futile.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**July 30, 2025**__

UNITED STATES DISTRICT JUDGE