UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | ) Case No.: 1:25-cv-0561 JLT SKO |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE ORDER CLOSING THE CASE, CONSTRUED AS A MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) |
| v. | |
| NOBLE CREDIT UNION, et al., | |
| Defendants. | ) (Doc. 13) |

Alana Dunn proceeded *pro se* in this action against Noble Credit Union, Fresno based Credit Union, and Fresno Base Noble Credit Union.  The Court found Plaintiff failed to state any cognizable claim invoking the Court's jurisdiction and dismissed the action on July 31, 2025.  (Doc. 11.)  The Court entered judgment the same date.  (Doc. 12.)  Following the entry of judgment, Plaintiff filed a document entitled "Objection without prejudice directing the clerk of court to close the case signed by District Judge Jennifer L. Thurston."  (Doc. 13.)  Because Plaintiff filed the objection to the order within 28 days of the final judgment, the Court construes the document as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in

original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

Plaintiff does not dispute the underlying facts and analysis concerning her failure to state a cognizable claim that invokes the federal court's jurisdiction.  Rather, Plaintiff recounts events that seemingly lead to the filing of her initial complaint.  (*See, e.g.,* Doc. 13 at 1-5.)  Plaintiff also discusses actions by the government, such as the "Department of Justice's focus on the private equity sector in recent years," the CARES Act, and loans under the "Paycheck Protection Program."  (*Id.* at 6-9.) Finally, Plaintiff discusses the privilege of attorney-client communications and the importance of due process. (*Id.* at 10-26, 28-29.)  These topics do not— in any manner—address the findings of the Court that: (1) Plaintiff failed to state a cognizable claim in her second amended complaint, and (2) further leave to amend was futile because Plaintiff was previously granted two opportunities to establish this Court's jurisdiction and failed to do so.  (*See* Doc. 11 at 1-2; Doc. 9.)

Plaintiff fails to identify any newly discovered evidence, show the Court committed a clear error in evaluating the allegations in her SAC, or argue an intervening change in controlling law necessitates an amendment of the Court's order.  *See Wood*, 759 F.3d at 1121.  Plaintiff's general objections to the dismissal are insufficient.  *Cromer v. Songer,* 2016 WL 3351408, *1 (E.D. Cal. June 15, 2016) (disagreement with the Court's decision is insufficient to warrant reconsideration).

Based upon the foregoing, the Court **ORDERS**: Plaintiff's objection, construed as motion under Rule 59(e) to alter or amend judgment (Doc. 13) is **DENIED**.  The action shall remain closed.

IT IS SO ORDERED.

Dated: **August 25, 2025**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2